1  Gary W. Bethel, Bar No. 117547
   gbethel@littler.com
2  Jason H. Borchers, Bar No. 199120
   jborchers@littler.com
3  Andrew H. Woo, Bar No. 261120
   awoo@littler.com
4  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
5  Suite 302
   Fresno, California  93704.2225
6  Telephone:  559.244.7500
   Fax No.:     559.244.7525
7
   Attorneys for Defendants
8  SOUTHERN TIRE MART, LLC AND
   SOUTHERN TIRE MART AT PILOT LLC
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  JOEY RUIZ, individually, and on behalf    Case No.
    of other members of the general public
14  similarly situated,                       **NOTICE TO FEDERAL COURT
                                              OF REMOVAL OF CIVIL
15              Plaintiff,                    ACTION**

16       v.                                   Trial Date:None Set
                                              Complaint Filed:     March 15, 2024
17  SOUTHERN TIRE MART, LLC a
    Mississippi Limited Liability Company;
18  SOUTHERN TIRE MART AT PILOT
    LLC, a Delaware Limited Liability
19  Company; and DOES 1 through 25,
    inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1  **TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL**
2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOEY RUIZ AND HIS**
3  **ATTORNEY OF RECORD:**

4      PLEASE TAKE NOTICE that Defendants SOUTHERN TIRE MART, LLC
5  AND SOUTHERN TIRE MART AT PILOT LLC ("Defendants") remove to this Court
6  the state court action described herein.  Defendants remove the captioned action from
7  the Superior Court of the State California for the County of Los Angeles.  Removal
8  jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1441(a) and (b) due to
9  complete diversity of the parties' citizenship.

10 **I.      PLEADINGS, PROCESS, AND ORDERS**

11      On or about March 15, 2024, Plaintiff JOEY RUIZ ("Plaintiff") filed a
12 Class Action Complaint (the "Complaint") in the Superior Court of the State of
13 California for the County of Los Angeles, entitled JOEY RUIZ v. SOUTHERN TIRE
14 MART, LLC, et al., Case No. 24STCV06704 (the "State Court Action").  A true and
15 correct copy of the Complaint is attached to the Declaration of Andrew H. Woo ("Woo
16 Decl.") at paragraph 2, Exhibit A.

17      2.      Plaintiff's Complaint raises nine causes of action for 1) Violation of
18 Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages), 2) Violation of Cal.
19 Labor Code §§ 510 and 1198 (Unpaid Overtime), 3) Violation of Cal. Labor Code §§
20 226.7 and 512(a) (Meal Break Violations), 4) Violation of Cal. Labor Code § 226.7
21 (Rest Break Violations), 5) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not
22 Timely Paid During Employment), 6) Violation of Cal. Labor Code § 226(a) (Wage
23 Statement Violations), 7) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely
24 Final Wages), 8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse
25 Necessary Business Expenses), and 9) Violation of Cal. Business & Professions Code
26 §§ 17200, et seq.

27      3.      Plaintiff alleges that Defendants failed to properly pay Plaintiff and
28 other employees all wages owed for all time worked, including minimum wages,

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1   straight time wages, and overtime wages. (Compl. ¶ 2.)

2        4.    Plaintiff alleges that Defendants failed to provide Plaintiff and other

3   employees with all meal periods and rest periods and associated premium wages to

4   which they were entitled. (Compl. ¶ 2.)

5        5.    Plaintiff alleges that Defendants failed to timely pay Plaintiff and

6   other employees with all wages due during their employment. (Compl. ¶ 2.)

7        6.    Plaintiff alleges that Defendants failed to timely pay Plaintiff and

8   other employees all wages due upon termination of their employment. (Compl. ¶ 2.)

9        7.    Plaintiff alleges that Defendants failed to provide Plaintiff and other

10  employees with accurate itemized wage statements. (Compl. ¶ 2.)

11       8.    Plaintiff alleges that Defendants failed to reimburse Plaintiff and

12  other employees for necessary business expenses. (Compl. ¶ 2.)

13       9.    Plaintiff seeks to represent a class defined as "All current and former

14  hourly-paid and/or non-exempt employees who worked for Defendants in the State of

15  California at any time during the period from four years prior to the date of the filing of

16  this Complaint until final judgment." (Compl. ¶ 25.)

17       10.   True and correct copies of the filings in state court, including 1) the

18  March 15, 2024 Complaint, 2) the March 15, 2024 Civil Case Cover Sheet, 3) the March

19  15, 2024 Summons, 4) the March 15, 2024 Alternate Dispute Resolution Packet, 5)

20  March 15, 2024 Notice of Case Assignment – Unlimited Civil Case, 6) the March 21,

21  2024 Initial Status Conference Order, 7) the March 21, 2024 Minute Order ((Court

22  Order Re Setting Initial Status Conference)), 8) the March 21, 2024 Certificate of

23  Mailing for ((Court Order Re Setting Initial Status Conference) of 3/21/2024), 9) the

24  March 22, 2024 Plaintiff's Notice of Posting of Jury Fees, 10) the March 27, 2024 Proof

25  of Personal Service, 11) the March 27, 2024 Proof of Personal Service, and 12)

26  Defendant's Answer, as well as the docket for the state court action are attached to the

27  Declaration of Andrew H. Woo at paragraphs 2-13, Exhibits A-M.

28       11.   Both Defendants were served with the Complaint and Summons on

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

3

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1  March 27, 2024.  (See Woo Decl., ¶ 3, Ex. B-C.)

2      12.    On April 24, 2024, prior to removal, Defendants filed an answer to

3  Plaintiff's Complaint in the Superior Court of the State of California for the County of

4  Los Angeles.   A true and correct copy of Defendants' answer is attached to the

5  Declaration of Andrew H. Woo at paragraph 12, Exhibit L.

6      13.    Other than the court proceedings and documents attached to the

7  Declaration of Andrew H. Woo as Exhibits A through H, Defendants are not aware of

8  any further proceedings or filings regarding this case in Fresno County Superior

9  Court.

10 **II.    VENUE**

11     14.    This action was filed in Los Angeles County Superior Court.

12 Venue properly lies in the United States District Court for the Central District of

13 California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(a), and 1441(a).  Venue is also

14 proper because jurisdiction is based on CAFA, and the action may be venued in a

15 judicial district in which a substantial part of the events or omissions giving rise to the

16 claim occurred.  See 28 U.S.C. § 1391(b).

17 **III.    DEFENDANT'S REMOVAL IS TIMELY**

18     15.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely

19 in that it has been filed by Defendants within thirty (30) days after Defendants were

20 served with the Complaint.   (See Woo Decl. ¶ 3.)  Defendants were served on March

21 27, 2024.

22 **IV.    STATEMENT OF CAFA JURISDICTION**

23     16.    Under CAFA, "[t]he district courts shall have original jurisdiction

24 of any civil action in which the matter in controversy exceeds the sum or value of

25 $5,000,000, exclusive of interest and costs, and is a class action in which … (A) any

26 member of a class of plaintiffs is a citizen of a State different from any defendant."  28

27 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in accordance with 28

28 U.S.C. §§ 1441 and 1446.

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

4

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

17.     As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because: (a) it is a civil class action; (b) there is diversity between at least one class member and Defendants; (c) the proposed class contains at least 100 members; (d) Defendants are not a state, state official, or other governmental entity; and (e) the total amount in controversy for all class members exceeds $5,000,000.

**A.     This is a Class Action**

18.     This action has been styled as a class action pursuant to California Code of Civil Procedure § 382.  (Compl., ¶¶ 24-32.)  Section 382 is a California statute authorizing an action to be brought by one or more representative persons as a class action, similar to Federal Rule of Civil Procedure 23

**B.     Diversity of Citizenship**

19.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which at least one of the defendants is not a citizen. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

20.     Plaintiff resided and worked in California during the period relevant to their lawsuit.  (Compl., ¶¶ 9, 21.)  Plaintiff is, therefore, a citizen of the State of California.  See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

21.     Defendants Southern Tire Mart, LLC is a limited liability company.

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

22.    Defendant Southern Tire Mart, LLC has two members: the Thomas Milton Duff individual trust and the James Ernest Duff individual trust.  (Decl. of Richard F. Yarborough Jr. in Supp. Of Def.'s Not. Of Removal of Civil Action to Fed. Ct. ("Yarborough Decl."), ¶ 3.)  Both trusts were formed in the State of Mississippi, and have been citizens of Mississippi at all times relevant to this action.  (Yarborough Decl., ¶ 3.)  The trustee of the Thomas Milton Duff individual trust is Thomas Milton Duff, and the trustee of the James Ernest Duff individual trust is James Ernest Duff, and both Thomas Milton Duff and James Ernest Duff are residents of the State of Mississippi.  (Yarborough Decl., ¶ 3.)

23.    For purposes of diversity jurisdiction, a limited liability company is a citizen of all of the states of which its partners are citizens.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 898 (9th Cir. 2006).  A trust has the citizenship of its trustees.  Id. at 899.

24.    Accordingly, Defendant Southern Tire Mart, LLC is deemed a citizen of the State of Mississippi.

25.    Accordingly, Plaintiff, a citizen of California, is a citizen of a state in which Defendant Southern Tire Mart, LLC is not a citizen.  Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### C.    The Proposed Class Contains at Least 100 Members

26.    Plaintiff defines the class as "All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until final judgment."  (Compl. ¶ 25.)

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

27. The total number of individuals who worked for Defendants as nonexempt employees in the State of California, within four years prior to the filing of Plaintiff's Complaint (March 15, 2024) is at least 571. (Yarborough Decl., ¶ 6.) Thus, the putative class is well over the 100-person minimum required for CAFA jurisdiction.

### D. Defendants Are Not a Governmental Entity

28. Defendants are not a state, state official, or other governmental entity. (Yarborough Decl., ¶ 16; Decl. of John Boynton in Supp. Of Def.'s Not. Of Removal of Civil Action to Fed. Ct ("Boynton Decl."), ¶ 21.)

### E. Amount in Controversy for CAFA Jurisdiction

29. Plaintiff's Complaint is silent with respect to the amount in controversy for themselves and the putative class in the aggregate. Under CAFA, where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so: "…when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554.

30. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe, if anything. Lewis v. Verizon Comm., Inc., 627 F. 3d 395, 400 (9th

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

7

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (emphasis added); Schiller v. David's Bridal, Inc., 2010 WL 2793650, *6, *27-28 (E.D. Cal. 2010) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes of CAFA); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal) (citations omitted); Ibarra v. Manheim Investments, Inc., 775 F. 3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.").

31. Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from Plaintiff's claims. However, for purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages, penalties, or other relief, it is readily apparent that the aggregated claims of the putative class an amount in controversy in excess of the jurisdictional minimum of $5,000,000.00, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).[1]

32. Plaintiff seeks to recover damages associated with their claims of unpaid overtime and unpaid minimum wages. See Cal. Labor Code §§ 510, 1182.12,

---

[1] Per Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014), Defendants need only provide allegations that plausibly support the conclusion that the jurisdictional requirements for removal have been met, and need not submit evidence with a notice of removal. The allegations in this notice of removal provide a rough estimate of the amount in controversy in order to demonstrate that the jurisdictional minimum has been met. Per Dart Cherokee, Defendants possess the right to supplement these allegations with additional and more specific evidence of the amount in controversy if Plaintiffs challenge removal.

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1194, 1197, 1197.1, 1198; see also Complaint, ¶¶ 43-51.

33.  The Supreme Court of California has held that the statute of limitations for unpaid wages is three years, extended to four when unpaid wages are sought pursuant to a claim under California's Unfair Competition Law.  Cortez v. Purolator Air Filtration Products, Co., 23 Cal.4th 163, 178-79.

34.  From March 15, 2020 through present, approximately 309,925 shifts were worked.  (Yarborough Decl., ¶ 14.)

35.  For purposes of removal, Defendants assume that approximately 15 minutes of uncompensated work is performed on each shift.  This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that Defendants "frequently suffered or permitted to work 'off-the-clock'" and "had a policy, practice and procedure of rounding employee time such that Plaintiff and some or all Class Members were systematically unpaid and/or underpaid for time worked over the course of their employment." (Compl. ¶¶ 34-36.)

36.  Given 309,925 shifts, and 15 minutes of uncompensated work per shift, and an average hourly rate of $23.00 per hour (Yarborough Decl., ¶ 15), the amount placed in controversy by Plaintiffs' minimum wage and overtime claims is, at a minimum, $1,782,068.75[2].  The actual amount in controversy with respect to overtime claims would exceed this estimate, as it assumes all unpaid hours are paid at non-overtime rates, when it would be paid at overtime or double time rates if the unpaid hours occurred on shifts over 8 hours in duration or over 12 hours in duration.  (See Compl. ¶ 46.)

37.  Plaintiff also seeks to recover damages stemming from the failure to provide meal breaks and the failure to provide rest breaks.  (See Compl. ¶¶ 49-70.) Pursuant to the applicable IWC Wage Order and California Labor Code, Plaintiff seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a meal period and a meal period was not provided.  (See Compl., ¶ 60.)

---

[2] 309,925 shifts x 0.25 hours x $23.00 average hourly rate

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

Plaintiff also seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a rest period and a rest period was not provided. (See Compl., ¶ 70.)

38.    The Supreme Court of California has held that the statute of limitations on actions for missed rest periods is three years, <u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal.4th 1094, 1114 (2007), expanded to four years via Plaintiffs' claim for unfair competition, <u>see</u> <u>Cortez v. Purolator Air Filtration Products Co.</u>, 23 Cal.4th 163, 177-78 (claims for wages unlawfully withheld can be recovered in an unfair competition law claim, with its four year statute of limitations).

39.    For purposes of removal only, Defendant assumes each putative class member is entitled to recover for unprovided meal breaks and unprovided rest breaks.

40.    Given 309,925 shifts and an average hourly rate of $23.00 per hour, the amount in controversy for Plaintiff's unprovided meal break claim is $7,128,275.00[3].

41.    The amount in controversy for Plaintiff's unprovided rest break claim would also be estimated to be at least $7,128,275.00, since the rest break premium is the same amount as the meal break premium.

42.    Plaintiff also seeks to recover penalties under California Labor Code section 226(a) for the alleged failure to furnish accurate, itemized wage statements. California Labor Code section 226(e) provides a penalty of "actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."

43.    The statute of limitations on actions under Labor Code section 226 is one year. <u>See</u> Cal. Civ. Proc. Code § 340(a); <u>Blackwell v. SkyWest Airlines, Inc.</u>, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Labor Code § 226(a) constitutes

[3] 309,925 shifts x $23.00 average hourly rate

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  a penalty and therefore is governed by a one-year statute of limitations under Code of

2  Civil Procedure § 340(a).

3      44.   For purposes of removal only, Defendant assumes each putative

4  class member is entitled to recover for violations in each pay period within the statute

5  of limitations (March 15, 2023 to the present) as alleged by Plaintiffs in the complaint.

6  (See Complaint, ¶¶ 77-82.)

7      45.   Hourly employees worked 20,927 pay periods between March 15,

8  2023 to the present. (Yarborough Decl., ¶ 13.) Accordingly, the amount in controversy

9  for Plaintiff's wage statement claim is approximately $2,064,150.[4]

10     46.   Plaintiff seeks to recover waiting time penalties on behalf of former

11 employees under the theory that terminated employees were not timely paid all wages

12 owed upon discharge.  See Cal. Labor Code §§ 201, 202; see also Complaint, ¶¶ 83-87.

13 Plaintiff seeks recovery of the penalty established by California Labor Code section

14 203, which provides that the wages of such employees "…shall continue as a penalty

15 from the due date thereof at the same rate until paid or until an action therefor is

16 commenced; but the wages shall not continue for more than 30 days."

17     47.   The Supreme Court of California has held that the statute of

18 limitations on actions for waiting time penalties is three years.  Pineda v. Bank of

19 America, N.A., 50 Cal.4th 1389, 1398-1401 (2010).

20     48.   Within the statute of limitations period (March 15, 2021 to present),

21 approximately 221 hourly employees working in California have been discharged from

22 their employment with Defendant.  (Yarborough Decl., ¶ 6.)

23     49.   For purposes of removal, Defendants assumes that each of the 221

24 putative class members who have been terminated from employment is entitled to

25 recover waiting time penalties for 30 days at the same daily rate they earned while

26 employed.  Assuming the average hourly rate of $23.00 per hour, the aggregate amount

27

28

---

[4] 571 pay periods paid at the $50 penalty for each active employee, and the remaining
20,356 pay periods paid at the $100 penalty.  (571 x $50) + (20,356 x $100)

LITTLER
MENDELSON, P.C.
5200 North Palm
Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

11

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

of penalties in controversy would be $1,219,920.00.[5]

50.    Plaintiffs also seek attorneys' fees.  See, e.g., Complaint, pp. 20-22. Attorneys' fees must be included when assessing the amount in controversy for removal purposes.  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees awards in California wage and hour class actions can total hundreds of thousands of dollars or more.  See, e.g., Willner v. Manpower Inc., 2015 U.S. Dist. LEXIS 80697, at *30 (N.D. Cal. June 20, 2015) (awarding $2.625 million in attorneys' fees in class action involving allegations that employer failed to provide accurate wage statements and timely wage payments in violation of the California Labor Code on behalf of class of 20,000 temporary workers);  Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in case involving wage statement and exemption misclassification claims, but reversing as to multiplier); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving alleged wage statement violations and violations of a living wage ordinance, unfair competition and contract claims); Jasso v. Money Mart Express, Inc., 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees.").  The Court should therefore consider attorneys' fees of at least $500,000 as part of the amount in controversy.

51.    Plaintiff's claims for unpaid wages, meal period premiums, rest period premiums, wage statement violations, and waiting time penalties, place at least the following amounts in controversy:

|     |                              |                 |
|-----|------------------------------|-----------------|
| a.  | Unpaid Wages:                | $1,782,068.75   |
| b.  | Meal Period Premiums:        | $7,128,275.00   |
| c.  | Rest Period Premiums:        | $7,128,275.00   |
| d.  | Wage Statement Violations:   | $2,064,150.00   |

---

[5] $23.00 per hour x 8 hours per day x 30 days x 221 employees

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

12

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

| | | | |
|---|---|---|---|
| e. | Waiting Time Penalties: | $1,219,920.00 |
| f. | Attorneys' Fees: | $500,000.00 |

Consideration of the above claims establishes an amount in controversy in excess of $19,822,688.75.[6]

### F.    "Local Controversy" Exception Does Not Apply

52.    To the extent Plaintiff argues that the "local controversy" exception to CAFA jurisdiction applies under 28 U.S.C. § 1332(d)(4)(A) based upon the California citizenship of Defendant SOUTHERN TIRE MART AT PILOT, LLC, the exception requires that particular defendant to (1) be a defendant from whom "significant relief" is sought by members of the plaintiff class, (2) be a defendant whose alleged conduct forms a "significant basis" for the claims asserted by the proposed plaintiff class, and (3) be a defendant who is a citizen of the State in which the action was originally filed.

53.    Defendant SOUTHERN TIRE MART AT PILOT, LLC is not a defendant whose alleged conduct forms a "significant basis" for the claims asserted by the proposed plaintiff class.

54.    "A plaintiff seeking remand has the burden of showing that the local controversy exception applies." Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1013 (9th Cir. 2011) (citing Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007). "To determine if the 'basis for the claims' against [a local defendant] is important or fairly large in amount or quantity, [the court] compare[s] the allegations against [the local defendant] to the allegations made against the other Defendants." Benko v. Quality Loan Service Corp., 789 F.3d 1111, 1118 (9th Cir. 2015).

---

[6] In light of *Dart Cherokee's* holding that Defendant need only provide plausible allegations relating to the amount in controversy, Defendant possess the right to supplement these allegations with additional and more specific evidence relating to the claims where estimates of the amount in controversy were provided, to the extent Plaintiff challenges removal. The claims discussed herein amply support the conclusion that the amount in controversy requirement is met in this case. Notably, the analysis set forth above only accounts for employees of Defendant SOUTHERN TIRE MART, LLC. The employees of Defendant SOUTHERN TIRE MART AT PILOT, LLC would add additional amounts in controversy.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

13

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

55.    A complaint that "does not specify which conduct is attributable to which defendant or indicate how damages might possibly be apportioned," is "insufficient" to prove that the "narrow" local controversy exception applies. Adame v. Comprehensive Health Management, Inc., Case No. CV 19-00779-CJC(SKx), 2019 WL 1276192, at *3 (C.D. Cal. Mar. 19, 2019). Additionally, "[t]he mere fact that Plaintiff seeks relief from all Defendants jointly and severally, without any factual allegations specific to [the local defendants], is insufficient to meet [their] burden to prove that the narrow local controversy exception applies." Id. " '[T]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants.'" Id. (quoting Coleman v. Estes Express Lines, Inc., 730 F.Supp.2d 1141, 1157 (C.D. Cal. 2010)). "Where a plaintiff fails to allege any specific independent conduct on the part of the local defendant, the plaintiff fails to meet her burden." Id.

56.    Here, Plaintiff's complaint fails to allege any specific independent conduct on the part of Defendant SOUTHERN TIRE MART AT PILOT, LLC.

57.    Furthermore, SOUTHERN TIRE MART AT PILOT, LLC has been fraudulently joined in this action for the purposes of defeating jurisdiction. "[A] joinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law." Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015). A court may look beyond the pleadings to extrinsic evidence to determine if a defendant is fraudulently joined. Ramirez v. Quad Graphics, Inc., Case No. EDCV 23-62 JGB (KKx), 2023 WL 3254979, at *4 (C.D. Cal. May 4, 2023).

58.    Plaintiff was never an employee of Defendant SOUTHERN TIRE MART AT PILOT, LLC. (Boynton Decl., ¶ 22.) Defendant SOUTHERN TIRE MART AT PILOT, LLC and Defendant SOUTHERN TIRE MART, LLC are separate entities that do not share employees or assets, and operate in completely separate business locations. Boynton Decl., ¶ 5.) The two entities maintain separate employees and

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

14

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

separate policies and practices with respect to all of the issues alleged in Plaintiff's complaint.  (Boynton Decl., ¶¶ 7-20.)  Accordingly, there is no basis for Plaintiff's joinder of Defendant SOUTHERN TIRE MART AT PILOT, LLC, other than fraudulent joinder intended to defeat removal.

## V.    NOTICE TO PLAINTIFF AND THE STATE COURT

59.    Promptly after filing this Notice of Removal in the United States District Court for the Eastern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of such filing will be served on Plaintiff's counsel of record. (Woo Decl., ¶ 14.)  In addition, a copy of the Notice of Removal will be promptly filed with the Clerk of the Court for Los Angeles County Superior Court.  (Woo Decl., ¶ 15.)

## VI.    CONCLUSION

WHEREFORE, having provided notice as required by law, Defendants request that the above referenced action be removed from the Los Angeles County Superior Court to this Court, that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action, and that this Court assume jurisdiction over this matter.

Dated:        April 25, 2024

LITTLER MENDELSON, P.C.

Gary W. Bethel
Jason H. Borchers
Andrew H. Woo

Attorneys for Defendants
SOUTHERN TIRE MART, LLC AND
SOUTHERN TIRE MART AT PILOT
LLC

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4873-8955-8455.3 / 124619-1000

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION