Jonathan M. Genish (State Bar No. 259031)
Miriam L. Schimmel (State Bar No. 185089)
mschimmel@blackstonepc.com
Joana Fang (State Bar No. 309623)
jfang@blackstonepc.com
Alexandra Rose (State Bar No. 329407)
arose@blackstonepc.com
Jared C. Osborne (State Bar No. 335968)
josborne@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Tel: (310) 622-4278 / Fax: (855) 786-6356

Attorneys for Plaintiff JOEY RUIZ

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY RUIZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIRE MART, LLC a Mississippi Limited Liability Company; SOUTHERN TIRE MART AT PILOT LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-3429-SPG-E<br><br>Honorable Sherilyn Peace Garnett<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 8, 2025<br>Time:     1:30 p.m.<br>Courtroom:  5C<br><br>Complaint Filed:  March 15, 2024<br>Removal Date:   April 25, 2024 |

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................. 1

II.   FACTUAL BACKGROUND .......................................................... 1

III.  ARGUMENT ................................................................................... 2

A.   Even if a Written Agreement to Arbitrate Exists, The Agreement is Unconscionable ............................................................................... 3

  1.   The Agreement is Procedurally Unconscionable ....................... 4

    a.    The Agreement is an Unconscionable Contract of Adhesion ................ 4

    b.    Significant Oppression Is Present. ..................................................... 4

    c.    The Arbitration Agreement Suffers from Unconscionable Surprise ... 6

  2.   The Agreement is Substantively Unconscionable .................... 7

    a. The Arbitration Agreement Unconscionably Contains Unlawful Fee Shifting ......................................................................................... 7

    b.    The Agreement Unconscionably Limits Discovery ............................... 9

    c. The Arbitration Agreement Improperly Bars Tolling of The Statute of Limitations ........................................................................................ 11

    d. The Agreement's Confidentiality Provisions Are Unconscionably Overbroad ........................................................................................ 11

    e. The Arbitration Agreement is Unconscionably Broad and of Infinite Duration ........................................................................................... 13

    f.    The Agreement Lacks Mutuality .................................................... 15

  3. The Agreement is Permeated with Unconscionability and Severance Is Impossible ....................................................................................... 16

  4.    The Delegation Clause is Unenforceable ................................. 17

IV.  CONCLUSION ............................................................................... 19

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Cases**

*AT&T Mobility LLC. v. Conception*, 563 U.S. 333 (2011) ...................................... 3

*Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237 (2016) ......................................... 4, 12

*Carbajal v CWPSC, Inc.* 245 Cal.App.4th 227 (2016) ............................................ 6

*Cook v. University of Southern California*, 102 Cal.App.5th 312 (2024) .. 13, 14, 15

*Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004) ................................................. 9, 15

*Gamboa v. Northeast Community Clinic*, 72 Cal.App.5th 158 (2021) .................... 2

*Harris v. TAP Worldwide, LLC*, 248 Cal.App.4th 373 (2016) ................................ 2

*Hasty v. American Automobile Assn.*, 98 Cal.App.5th 1041 (2023) ....... 5, 10, 11, 12

*Hewlett-Packard Co. v. Oracle Corp*, 65 Cal.App.5th 506 ................................... 14

*Iyere v. Wise Auto Group*, 87 Cal.App.5th 747 (2023) ........................................... 2

*Jack v. Ring LLC*, 91 Cal.App.5th 1186 (2023) ............................................... 17, 18

*Johnson v. Walmart Inc.*, 57 F.4th 677 (9th Cir. 2023) .......................................... 2

*Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005 (9th Cir. 2024) ..................... 2

*Kinney v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322 (1999) ............. 9

*Mills v. Facility Solutions Group, Inc.*, 84 Cal.App.5th 1035 (2022) ............ 8, 9, 11

*Mitri v. Arnel Management Co.*, 157 Cal. App. 4th 1164 (2007) ............................ 2

*Murrey v. Superior Court*, 87 Cal.App.5th 1223 (2023) ...................................... 12

*Nunez v. Cycad Management*, 77 Cal.App.5th 276 (2022).............................. 4, 5, 9

*O'Hare v. Municipal Resource Consultants*, 107 Cal.App.4th 267 (2003) ............. 2

*Ontiveros v. DHL Express (U'SA), Inc.*, 164 Cal. App. 4th 494 (2008) ................ 10

*OTO, L.L.C. v. Kho*, 8 Cal.5th 111 (2019) .........................................................passim

*Pinela v. Neiman Marcus Group, Inc.*, 238 Cal.App.4th 227 (2015) .................... 18

*Ramirez v. Charter Communications, Inc.*, 16 Cal. 5th 478 (2024) ...............passim

*Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042................................... 12, 13

Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 69 fn. 1 (2010) ........................ 17

*Tiri v. Lucky Chances, Inc.*, 226 Cal.App.4th 231 ....................................... 7, 17, 18

1 | **Statutes**

2 | Cal. Civ. Code § 1638 ........................................................................ 14

3 | Cal. Civ. Code §1639 ......................................................................... 14

4 | Cal. Civ. Code, § 1636 ....................................................................... 14

5 | Cal. Civ. Code §1641 ......................................................................... 14

6 | Cal. Civ. Code §1670.5 ...................................................................... 16

7 | Cal. Civ. Code. § 1670.5(a) .................................................................. 3

8 | Code of Civil Procedure section 1281.12 ............................................ 11

9 | California Fair Employment and Housing Act ....................................... 7

10 | California Labor Code Section 194 ...................................................... 8

11 | California Labor Code Section 218.5(a) ............................................... 8

12 | California Labor Code Section 1194 .................................................... 8

13 | California Labor Code Section 2802 .................................................... 8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants' Southern Tire Mart, LLC and Southern Tire Mart at Pilot LLC ("Defendants") Motion to Compel Arbitration ("Motion") should be denied because Plaintiff's Acknowledgment of Arbitration Policy and Procedures ("Acknowledgement") and the purportedly underlying Arbitration Policy & Procedures ("Arbitration Procedures") (Acknowledgment and Arbitration Procedures collectively, the "Arbitration Agreement") are procedurally and substantively unconscionable.

### II.    FACTUAL BACKGROUND

Plaintiff began his employment with Defendants on June 3, 2022 and earned $19.00 an hour. Declaration of Joey Ruiz ("Plaintiff Decl."), ¶¶ 4 and 7. Plaintiff was 21 years old and had a tenth-grade education. *Id.* At that time, Plaintiff had no knowledge of arbitration. *Id.*

Defendants presented Plaintiff with at least seventeen documents for review and signature on his first day of employment. *Id.*, ¶ 5. He does not recall receiving an employee handbook but does remember that Defendants wanted him to begin working as soon as possible on his first day. *Id.*, ¶ 6. Plaintiff felt rushed and pressured to quickly sign all of the documents and Defendants provided him with very little time to review the documents. *Id.* Defendants did not tell Plaintiff that he could take any documents home and did not provide him with the opportunity to have documents related to arbitration reviewed by an attorney. *Id.* Plaintiff needed the job and did not want to jeopardize his employment by asking any questions regarding the onboarding documents. *Id.*, ¶ 7. Plaintiff was overwhelmed and felt that he had no choice but to quickly fill out the paperwork so that he could begin his shift. *Id.*

On March 15, 2024 Plaintiff filed a wage and hour class action complaint against Defendants, alleging, among other things, violations of the California Labor Code, which Defendants removed to this Court under the Class Action Fairness Act ('CAFA'). Dkt. 1.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On November 18, 2024, Defendants filed their Motion to Compel Arbitration, which Plaintiff now opposes.

## III.    ARGUMENT

"In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1013 (9th Cir. 2024).

"The party seeking to compel arbitration 'bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence.'" *Keebaugh*, 100 F.4th at 1013 (quoting *Johnson v. Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023)). The burden of persuasion may shift in a three-step process. *Gamboa v. Northeast Community Clinic*, 72 Cal.App.5th 158, 164 (2021). "The arbitration proponent must first recite verbatim, or provide a copy of, the alleged agreement." *Iyere v. Wise Auto Group*, 87 Cal.App.5th 747, 755 (2023). The existence of an agreement to arbitrate may be express or implied so long as the arbitration agreement is written. *Harris v. TAP Worldwide, LLC*, 248 Cal.App.4th 373, 384 (2016). Where an arbitration agreement incorporates arbitration policies found in an employment handbook, the arbitration proponent must provide evidence of a mutual and bilateral written agreement to arbitrate. *See Mitri v. Arnel Management Co.*, 157 Cal. App. 4th 1164, 1173 (2007).

Here, Defendants failed to present evidence of a written agreement to arbitrate. Defendants' declarant Richard F. Yarborough Jr. ("Yarborough") does not recite verbatim, or provide a copy of, the alleged Arbitration Agreement's policies and procedures. Declaration of Richard F. Yarborough Jr. ("Yarborough Decl."), ¶ 10. Instead, Yarborough merely attaches a copy of the Acknowledgment signed by Plaintiff. Yarborough Decl. ¶ 11, Ex. A. At most, this Acknowledgment shows that Plaintiff entered into a unilateral and unconscionable agreement that only obligated Plaintiff, not Defendants, to arbitrate claims. *See*, *e.g.*, *O'Hare v. Municipal Resource Consultants*, 107 Cal.App.4th 267, 279 (2003). Notwithstanding the Acknowledgment, Defendants failed to produce evidence of the allegedly applicable Arbitration Procedures.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Thus, the Court should deny Defendant's Motion for failure to present the threshold evidence of an agreement to arbitrate.[1]

## A. Even if a Written Agreement to Arbitrate Exists, The Agreement is Unconscionable

If the Court overlooks Defendants' failure to produce evidence of a written agreement to arbitrate in its moving papers, the Court should still deny Defendant's Motion because the Arbitration Agreement is unconscionable.[2] Under the FAA, "generally applicable contract defenses" under state law apply. *AT&T Mobility LLC. v. Conception*, 563 U.S. 333, 339 (2011). In California, a court may refuse to enforce an agreement to arbitrate if it determines it is unconscionable. See Cal. Civil Code. § 1670.5(a).

California courts require both procedural and substantive unconscionability to invalidate a contract. *See, e.g.*, *OTO, L.L.C. v. Kho*, 8 Cal.5th 111, 125 (2019). Procedural unconscionability "focuses on oppression or unfair surprise" while substantive unconscionability "focuses on overly harsh or one-sided terms." *Id*. Both need not be present in equal amounts and evaluated on a "sliding scale." *Id*. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude that the term is unenforceable. [] Conversely, the more deceptive or coercive the bargaining tactics employed, the less substantive unfairness is required." *Id*. at 125-126.

Given the degrees of procedural and substantive unconscionability present, the Arbitration Agreement at issue in this case is unenforceable.

///

---

[1] If the Court considers evidence submitted in Reply, Plaintiff requests the opportunity to respond to the extent that the new evidence differs from the Arbitration Agreement Defendants had previously provided to Plaintiff's counsel. *See Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011).

[2] Based on citations in Defendants' Motion, Plaintiff believes, but is not certain, that Defendants Motion is based on, in part, the Arbitration Procedures section supposedly contained in Defendant's Employee Handbook. Defendants' declarant Yarborough sent Plaintiff's counsel this Arbitration Policy & Procedures via email on March 18, 2024. Declaration of Jared Osborne ("Osborne Decl."), Ex. A. As such, Plaintiff's unconscionability arguments are based on this handbook excerpt in the event that Defendants are able to proffer sufficient evidence of its existence and presentation to Plaintiff in Reply.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

### 1. The Agreement is Procedurally Unconscionable

#### a.  The Agreement is an Unconscionable Contract of Adhesion

"A procedural unconscionability analysis 'begins with an inquiry into whether the contract is one of adhesion.'" *OTO,* 8 Cal.5th at 126 (quoting *Armendariz,* 24 Cal.4th at 113 (2000)) "An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power 'on a take-it-or-leave-it basis.'" *OTO,* 8 Cal.5th at 126 (quoting *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1245 (2016). Arbitration contracts imposed as a condition of employment are adhesive and subject to scrutiny. *Ramirez v. Charter Communications, Inc.*, 16 Cal. 5th 478, 492 (2024).

Thus, the California Supreme Court has held that "[o]rdinary *contracts of adhesion*, although they are indispensable facts of modern life that are generally enforced [citation], *contain a degree of procedural unconscionability even without any notable surprises*, and 'bear within them the clear danger of oppression and overreaching.'" *Id*. at 494 (quoting *Baltazar*, 62 Cal.4th at 1244) (emphasis added).

Here, the Arbitration Agreement is unconscionably standardized, on a preprinted form, and offered by Defendants (employers with superior bargaining power) on a take-it-or-leave-it basis. *See* Yarborough Decl., ¶ 11, Ex. A; Plaintiff Decl., ¶ 8, Ex. A.

#### b.  Significant Oppression Is Present.

"[C]ircumstances showing oppression include (1) the amount of time an employee is given to consider a contract; (2) the pressure exerted on him to sign it; (3) its length and complexity; (4) his education and experience; and (5) whether he had legal assistance." *Nunez v. Cycad* Management, 77 Cal.App.5th 276, 284 (2022). "*Significant* oppression" is present when "an arbitration agreement is presented to an employee while he is working, along with other documents, neither its contents nor its significance are explained, and the employee is told he must sign the agreement to keep his job." *Id.*

In the context of pre-employment arbitration contracts, the California Supreme Court has held that "the economic pressure exerted by employers on all but the most

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." *OTO*, 8 Cal.5th at 127. A party opposing arbitration "need not show it tried to negotiate standardized contract terms to establish procedural unconscionability." *Id.*

Here, Defendants presented Plaintiff with an arbitration agreement, along with at least sixteen other documents while he was working, and neither the contents nor the significance of Defendants' Arbitration Policies and Procedures were explained to him. Plaintiff Decl., ¶¶ 5-7; *Nunez*, 77 Cal.App.5th at 284. Defendants explicitly required Plaintiff to enter an agreement to arbitrate to keep his job. Plaintiff Decl. ¶ 8, Ex. A. Moreover, Plaintiff was not in a position to negotiate the terms of the Agreement or refuse employment with Defendant because of it. Plaintiff Decl. ¶ 7.

The level of oppression is compounded as (1) Plaintiff was afforded little time to review the Arbitration Agreement and was not provided the opportunity to take it home; (2) Defendants exerted pressure on him to sign it and begin working as soon as possible; (3) the Arbitration Agreement is five pages of dense and complex provisions buried within an employee handbook; (4) Plaintiff—a twenty-one (21) year old with a tenth (10th) grade education—lacked the education and experience necessary to understand the Arbitration Agreement; and (5) Defendants deprived Plaintiff of the opportunity to seek counsel. (Plaintiff Decl. ¶¶ 4-9; *Nunez*, 77 Cal.App.5th at 284.)

While Defendants' claim that "Plaintiff was given the opportunity to fully review the Agreement and [it] was explained to him by the company," there is no evidence to support these conclusory statements. Motion 15:2-4; Yarborough Decl., ¶ 10.

Therefore, there is significant oppression that requires the Court to closely scrutinize the contract's terms and find the Agreement procedurally unconscionable. *See Ramirez*, 16 Cal. 5th at 494.

///

///

1

c. <u>The Arbitration Agreement Suffers from Unconscionable Surprise</u>

2   "Surprise" occurs where the arbitration agreement is 'written in an extremely

3   small font' with 'visually impenetrable' paragraphs 'filled with statutory references and

4   legal jargon.' *Hasty v. American Automobile Assn.*, 98 Cal.App.5th 1041, 1056 (2023)

5   (quoting *OTO*, 8 Cal.5th at 128). An arbitration agreement suffers from surprise if it is

6   written in a manner that would make it difficult for a layperson to decipher its key terms

7   and understand the contract's meaning without legal training or access to statutes

8   referenced in the agreement. *OTO*, 8 Cal.5th at 128-129. Such surprise militates against

9   enforcing an arbitration agreement because arbitration is a matter of consent, not

10  coercion, and any attestation purportedly affirming understanding of such an agreement

11  is "formulaic rather than informed." *See id.* at 128-129.

12  Here, the Agreement is written in small font with visually impenetrable

13  paragraphs filled with statutory references and legal jargon that a layperson could not

14  comprehend, much less Plaintiff, given his age and level of education. Plaintiff Decl.,

15  ¶¶4 and 8, Ex. A. For example, the Agreement's fifth paragraph spans approximately

16  twenty-eight (28) densely packed single-spaced lines filled with statutory references,

17  much like the agreement in *OTO*. Plaintiff Decl., ¶¶ 4 and 8, Ex. A. at pp. 17-18. Just as

18  in *OTO*, the Court should not give any weight to the Acknowledgment's attestation

19  purportedly demonstrating Plaintiff's understanding because such an attestation is

20  "formulaic rather than informed." *OTO*, 8 Cal.5th at 128-129.

21  Surprise also occurs when an arbitration agreement fails to clearly identify which

22  arbitration rules will govern. *Carbajal v CWPSC, Inc.* 245 Cal.App.4th 227, 244–245

23  (2016) ("The Agreement's procedural unconscionability, however, rises to a moderate

24  level because the Agreement requires [Plaintiff] to arbitrate her claims "in accordance

25  with the rules of the [AAA]" without identifying which of AAA's nearly 100 different

26  sets of active rules will apply.")

27  Here, the Arbitration Procedures confusingly claim that (1) "[t]he then-current

28  rules of DSI [Dispute Solutions, Inc.]" govern and control arbitration; (2) "if DSI is

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

unable to appoint an arbitrator, then the then-current Employment Arbitration Rules and Mediation Procedures of the AAA control ("AAA Employment Rules");" (3) "the arbitrator shall also strictly apply the Federal Rules of Evidence;" and (4) "the arbitrator must apply the Federal Rules of Civil Procedure's standards on a motion to dismiss and/or motion for summary judgment." Plaintiff Decl., ¶ 8, Ex. A. at pp. 19-20. Unconscionably, these rules often conflict, and it is unclear which rules govern. For example, the now-current AAA Employment Rules state that "conformity to legal rules of evidence shall not be necessary"[3] whereas the Agreement claims that the Federal Rules of Evidence strictly apply. By failing to make clear which rules apply, and how to locate the Federal Rules of Civil Procedure and Evidence, Defendants have unconscionably "thwart[ed], rather than promote[d], understanding" of the arbitral process and deprived Plaintiff of the opportunity to assess its fairness. *See OTO,* 8 Cal.5th at 129-131.

## 2. The Agreement is Substantively Unconscionable

Substantive unconscionability exists when an arbitration agreement has terms that are overly harsh, one-sided, unreasonable, or lack basic fairness. *Tiri v. Lucky Chances, Inc.*, 226 Cal.App.4th 231, 244. The Arbitration Agreement here has multiple unconscionable terms that cannot be cured by severance.

### a. The Arbitration Agreement Unconscionably Contains Unlawful Fee Shifting

Arbitration provisions that have "the potential to result in an unlawful award of attorney fees" in violation of statutory asymmetric fee-shifting rules are unconscionable and impermissibly "chill an employee's right to challenge the enforceability of an arbitration agreement." *Ramirez*, 16 Cal. 5th at 508-509.

In *Ramirez*, an arbitration provision that "clearly require[d] payment of attorney fees to a party who successfully compels arbitration" was unconscionable because it "unambiguously" violated the California Fair Employment and Housing Act's ("FEHA") fee shifting provisions that only permit the award of fees and costs to a

---

[3] https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf. Rule 30 (last accessed on December 17, 2024).

prevailing employer if "the [Plaintiff's] action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." *Ramirez*, 16 Cal. 5th at 508-512.

Similarly, arbitration clauses providing for the award of fees to a party who successfully compels arbitration of claims brought under the California Labor Code are unconscionable. *Mills v. Facility Solutions Group, Inc.*, 84 Cal.App.5th 1035, 1057-1058 (2022) (holding that an arbitration agreement's attorney fees provision was substantively unconscionable for contradicting the asymmetrical fee-shifting provisions found in California Labor Code sections 218.5(a) 194 and 2802). In *Mills*, the unconscionable provision specifically stated, "the responding party shall be entitled to dismissal of such action, and the recovery of all costs and attorney's fees and losses related to such action" to compel arbitration. *Mills*, 84 Cal.App.5th at 1058.

Here, Defendants' Arbitration Agreement unconscionably violates applicable statutory asymmetrical fee shifting rules because it improperly and unambiguously shifts the payment of fees to the employee in violation of the California Labor Code. In fact, the Agreement's provision awarding fees to the party compelling arbitration word for word matches the unconscionable provision from *Mills*, as it states "the responding party shall be entitled to dismissal of such action, and the recovery of all costs and attorneys' fees and losses related to such action." Plaintiff Decl., Ex. A at p.20; *Mills*, 84 Cal.App.5th at 1058.

Plaintiff's wage and hour complaint alleges California Labor Code violations that would be subjected to the statutory fee-shifting provisions in the Arbitration Agreement. *See generally* Complaint. Under California Labor Code 218.5, Plaintiff's claims for "nonpayment of wages" provide for an award of "the reasonable attorney's fees and costs" to a prevailing employee, but only permits a prevailing employer to obtain fees and costs "if the court finds that the employee brought the court action in bad faith." Under Labor Code 1194, only Plaintiff, and not Defendants, may be awarded reasonable attorney fees and costs of suit for his claims involving receiving less than the minimum

wage or legal overtime. As such, the Arbitration Agreement's automatic award of fees and costs to Defendant upon successfully compelling arbitration runs afoul of California Labor Code Sections 218.5 and 1194, rendering it substantively unconscionable.

### b. The Agreement Unconscionably Limits Discovery

"Although parties may 'agree to something less than the full panoply of discovery,' employees 'are at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s) … .'" *Mills*, 84 Cal. App. 5th at 1058 (2022) (quoting *Armendariz*, 24 Cal.4th at 105-106.)

When evaluating whether a discovery clause is unconscionable, courts should "focus on general factors that can be examined without relying on subsequent developments. Those factors include the types of claims covered by the agreement, the amount of discovery allowed, the degree to which that amount may differ from the amount available in conventional litigation, any asymmetries between the parties with regard to discovery, and the arbitrator's authority to order additional discovery." *Ramirez*, 16 Cal. 5th at 506.

Generally, discovery limitations in the employment context place an employee "'at a disadvantage in proving her claim while [the employer] is likely to possess many of the relevant documents and employ many of the relevant witnesses,' unfairly preventing [the employee] from vindicating statutory claims." *Nunez v. Cycad Management LLC*, 77 Cal. App. 5th 276, 285 (2022) (quoting *Fitz v. NCR Corp.*, 118 Cal.App.4th 702, 717 (2004)); *see also Kinney v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322, 1332 (1999) (holding that seemingly neutral limitations on discovery in fact "work to curtail the employee's ability to substantiate any claim").

Arbitration agreements that merely "'allow[] each party to take depositions, designate expert witnesses, and subpoena witnesses, but [do] not expressly allow for document requests, requests for admission, or interrogatories" and require a showing "of substantial need" for additional discovery are unconscionable. *Mills*, 84 Cal. App. 5th at

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1059. The incorporation of AAA's (or any other entities') discovery rules does not save such a provision. *Id.* at 1060. Moreover, arbitration provisions limiting discovery to one deposition in addition to expert depositions and document requests, with the right to additional discovery by order of the arbitrator upon a showing of "substantial need" are also unconscionable. *Ontiveros v. DHL Express (U'SA), Inc*., 164 Cal. App. 4th 494, 511-514 (2008) (disapproved of by *Ramirez v. Charter Communications, Inc.,* 16 Cal. 5th 478, 492 (2024) only to the extent that such a conclusion is based on subsequent developments after the contract's formation).

Here, the Agreement's scope broadly covers any and all potential claims Plaintiff could have against Defendant, including complex discrimination and/or wage and hour claims. Plaintiff Decl., ¶ 8, Ex. A at p. 20 Section 5; Declaration of Jared Osborne ("Osborne Decl."), ¶ 3. Nonetheless, the Agreement only permits the deposition of one individual and designated expert witnesses and does not provide for written discovery. Plaintiff Decl., Ex. A at p. 20 Section 5. The amount of discovery significantly differs from the amount available in conventional litigation. Osborne Decl., ¶ 3. The Agreement imposes such severe limitations even though Defendant employer has the majority of relevant documents and employs and/or employed all key witnesses. Osborne Decl., ¶ 3; Plaintiff Decl., ¶ 10. At the same time, the Agreement unconscionably requires Plaintiff to make a showing of "substantial need" to obtain any discovery beyond one individual and one expert deposition. Plaintiff Decl., Ex. A at p. 20 Section 5; Osborne Decl., ¶ 3. The limitations set forth in the Agreement are prohibited and unconscionable.

While Defendant may try to argue that the discovery limitations are qualified by the parenthetical "except where applicable law requires otherwise," such an argument is unavailing. *See Hasty v. American Automobile Assn. etc.*, 98 Cal. App. 5th 1041, 1062 ("[t]he fact that the [unconscionable] provision applies to only the 'extent permitted by law' does not save it because the employee would have no way of knowing what would be covered or not covered by this provision.")

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Thus, the Arbitration Agreement's severe and one-sided discovery limitations are unconscionable.

    c. <u>The Arbitration Agreement Improperly Bars Tolling of The Statute of Limitations</u>

California courts have found arbitration provisions shortening the limitations period for causes of action alleging violations of the Labor Code are substantively unconscionable. *Mills*, 84 Cal. App. 5th at 1061. Thus, Arbitration agreements may not limit the tolling of the statute of limitations upon the filing and/or serving of a lawsuit. *Id*. at 1061 (finding a provision stating that "[n]either filing nor serving a lawsuit stops the applicable statute of limitations from continuing to run" was unconscionable.) Such provisions "directly conflict[] with [California] Code of Civil Procedure section 1281.12," which tolls the statute of limitations upon the filing of a civil suit where an arbitration agreement requires a demand for arbitration be made within a specified time. *Id.*

Here, the Arbitration Agreement mirrors the unconscionable provision in *Mills* as it states "[n]either filing nor serving a lawsuit stops the applicable statute of limitations from continuing to run." Plaintiff Decl., ¶ 8, Ex. A at 19 Section 1. As such, the Arbitration Agreement unconscionably bars tolling of the statute of limitations.

    d. <u>The Agreement's Confidentiality Provisions Are Unconscionably Overbroad</u>

The Arbitration Agreement contains two unconscionably overbroad confidentiality provisions that serve no purpose other than to benefit Defendants:

> Arbitration is a dispute resolution process . . . the process is less formal than the trial of a lawsuit, and the *entire* proceeding is private and confidential.

Plaintiff Decl., Ex. A at p. 17

> All arbitration decisions and awards rendered pursuant to this Arbitration Policy and Procedures shall be kept strictly confidential

Plaintiff Decl., Ex. A at p. 20, Section 4.b.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Absent a legitimate commercial need, confidentiality provisions in arbitration agreements are generally unconscionable. *Compare Hasty v. American Automobile Assn.*, 98 Cal.App.5th 1041, 1056 (2023) (holding that arbitration agreement's confidentiality clause unconscionable, in part, because employer "identified no commercial need for requiring employment-related proceedings to remain confidential") with *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1250 (holding that arbitration agreement's confidentiality provision requiring that "all necessary steps will be taken to protect from public disclosure of [employer's] trade secrets and proprietary and confidential information" was not unconscionable due to legitimate business need).

Generally, provisions making arbitration awards confidential are unconscionable because "[f]uture employees cannot take advantage of findings in past arbitrations or prove a pattern of [legal wrongdoing]. … In addition, keeping past findings secret undermines an employee's confidence in the fairness and honesty of the arbitration process and thus potentially discourages that employee from pursuing a valid [] claim." *Hasty v. American Automobile Assn.*, 98 Cal.App.5th 1041, 1056 (2023) (quoting *Murrey v. Superior Court* (2023) 87 Cal.App.5th 1223, 1254).

Moreover, confidentiality provisions that apply to an entire arbitration proceeding are unconscionable because they limit employees' ability to pursue claims. *Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042, 1066. Broad confidentiality provisions essentially prohibit an employee's ability to informally contact witnesses "outside the formal discovery process" and "not only increase [an employee's] costs unnecessarily by requiring her to conduct depositions rather than informal interviews, [but] also defeats the purpose of using arbitration as a simpler, more time-effective forum for resolving disputes." *Id*.

Any argument by Defendant in Reply that confidentiality provisions are only unconscionable in the context of sexual harassment and/or discrimination claims would be misplaced because "an unconscionability assessment focuses on circumstances known at the time the agreement was made" and the California Supreme Court has

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  disapproved of limited analysis "as applied to a particular plaintiff." *Ramirez*, 16 Cal.5th

2  at 505.

3        Moreover, even assuming *arguendo* that such an analysis is still valid, the same

4  reasoning applies to Plaintiff's current claims: confidentiality provisions in the wage and

5  hour context unconscionably prevent Plaintiff and similarly situated employees from (1)

6  taking advantage of past proceedings to prove a pattern and practice of wage theft; (2)

7  informally gathering information and evidence from witnesses; and (3) conserving

8  resources. *See Ramos*, 28 Cal.App.5th at 1066; Osborne Decl., ¶¶ 4-5.

9        Thus, the Arbitration Agreement's confidentiality provisions are unconscionable.

10       e.   The Arbitration Agreement is Unconscionably Broad and of Infinite Duration

11       In the employment context, arbitration agreements of infinite duration that cover

12  claims beyond those arising from an employment relationship are unconscionable. *See*

13  *Cook v. University of Southern California*, 102 Cal.App.5th 312, 325 (2024).

14       Here, the Arbitration Agreement covers an unconscionably broad scope of claims

15  beyond those arising from Plaintiff's employment relationship and is of infinite duration.

16  *Id*. at 325-236. Specifically, the Arbitration Agreement states that:

17       The claims covered by this Arbitration Policy and Procedures include any
18       and all claims and disputes regarding this Arbitration Policy and Procedures
         and the Mutual Arbitration Agreement provided along with this Handbook,
19       or involving *the relationship* between the Company and its employees. To
         the extent allowed by law, *the claims and disputes covered* by this
20       Arbitration Policy and Procedures include, but are not limited to: (a) *all*
         *claims and disputes that an employee of the Company may now have or*
21       *may in the future have against the Company*, and (b) *all claims that the*
         *Company may presently have or may in the future have against the*
22       *employee.*

23       Plaintiff Decl., Ex. A at p.17 (emphasis added).

24
25       The Agreement also covers "tort claims (including claims for bodily injury or

26  physical, mental or psychological injury, *without regard to whether such injury was*

27  *sustained in the course and scope of employment*)." Plaintiff Decl., Ex. A at p. 18

28  (emphasis added). The Arbitration Agreement expressly "survive[s] the termination of

---

**13**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  the employee's employment with the Company and applies to any dispute, whether it

2  *arises* or is asserted before, during *or after the termination of the employee's employment*

3  *with the Company*." Plaintiff Decl., Ex. A at p. 19.(emphasis added).

4      The Arbitration Agreement here does not clearly "limit[] the scope of the

5  agreement to claims arising out of or relating to her employment or termination" and it

6  is difficult to see how it is justified that to expect "[Plaintiff]—as a condition of [his]

7  employment . . . to give up the right to ever sue [one of Defendant's] employee[s] in

8  court for defamatory statements [made outside the scope of employment] or other claims

9  that are completely unrelated to [Plaintiff's] employment." *Cook*, 102 Cal.App.5th at

10  325. As such, the Arbitration Agreement's overbroad scope and infinite duration are

11  unconscionable.

12      Defendants' arguments that this provision does not apply to post-employment

13  claims are misplaced because they run afoul of basic interpretation principles. The

14  fundamental goal of contract interpretation is "to give effect to the mutual intention of

15  the parties as it existed at the time of contracting." Cal. Civ. Code, § 1636. "To interpret

16  a contract, [California Courts] look to its language (§ 1638) and ascertain the intent of

17  the parties, if possible, based solely on the contract's written provisions (§ 1639). In

18  doing so, [California courts] apply the 'clear and explicit' meaning of these provisions,

19  interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical

20  sense or a special meaning is given to them by usage' . . . .Thus, if the meaning a

21  layperson would ascribe to contract language is not ambiguous, [California Courts]

22  apply that meaning." *Hewlett-Packard Co. v. Oracle Corp*, 65 Cal.App.5th 506, 530-

23  531. Additionally, contracts must be read as a whole and each clause must help interpret

24  the other. *See* Civil Code §1641.

25      Here, the Arbitration Agreement clearly and explicitly intends to cover claims

26  beyond those arising from Plaintiff's employment relationship with Defendant.

27  Moreover, the Arbitration Agreement's duration expressly "applies to any dispute,

28  whether it arises or is asserted before, during or after the termination of the employee's

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

employment with the Company." Plaintiff Decl., Ex. A at p. 19 (emphasis added). Tellingly, while Defendants could have limited the Agreement's scope to the *employment* relationship between Plaintiff and Defendants, it did not. *See id.* Thus, under California contract interpretation principles, the agreement clearly and unconscionably covers claims beyond those arising from the employment relationship between Plaintiff and Defendants.

### f.   The Agreement Lacks Mutuality

Arbitration Agreements that require employees to arbitrate claims with an employer's employees, agents and/ or customers and thus, provide "benefits to broad swaths of third party beneficiaries only in favor of [the employer] without any showing of justification for this one-sided treatment" are unconscionable. *See Cook*, 102 Cal.App.5th at 326-327. Such agreements are unconscionable because "[t]here is no question that it is more difficult for a party to enforce an arbitration agreement against a nonsignatory than it is for a nonsignatory to enforce an arbitration agreement against a party." *Id.* at 327. Arbitration is consensual in nature and "[a]s a result, nonsignatories may enforce an arbitration agreement against a party to the agreement simply by showing they are intended third party beneficiaries of the arbitration agreement." *Id.* at 328. Conversely, for an employee to enforce an arbitration agreement against a nonsignatory agent, employee or customer as a third party beneficiary, the employee "would have to show [the nonsignatory] actually accepted a benefit under the agreement" and "[i]t is difficult to imagine how [an employee] could carry this burden to compel [an employer's] employees and agents to arbitration unless those specific agents or employees first moved to compel arbitration under the agreement." *Id*.

Here, the Arbitration Agreement requires Plaintiff to arbitrate claims against Defendants' nonsignatory customers, agents and employees, but it is difficult to imagine how Plaintiff would be able to meet his burden to ever compel Defendants' customers, agents and employees to arbitration. Plaintiff Decl., Ex. A at p. 18. Thus, the Agreement is one-sided and lacks mutuality.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

### 3. The Agreement is Permeated with Unconscionability and Severance Is Impossible.

"[M]ore than one unlawful provision in an arbitration agreement weighs against severance." *Fitz*, 118 Cal.App.4th at 726. "If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced." *Id.* at 727. Further, courts cannot "rewrite agreements and impose terms to which neither party has agreed." *Ramirez*, 16 Cal.5th at 516.

The inquiry into severance is qualitative, and even if unconscionability can be cured "by extirpating or limiting the offending provisions . . . the court should also ask whether the unconscionability should be cured through severance or restriction because the interests of justice would be furthered by such actions." *Id.* at 516-517. "This part of the inquiry focuses on whether mere severance of the unconscionable terms would function to condone an illegal scheme and whether the defects in the agreement indicate that the stronger party engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, but to secure a forum that works to the stronger party's advantage. [] If the answer to either question is yes, the court should refuse to enforce the agreement." *Id.* (internal citations omitted.)

Moreover, "[a] court may also consider the deterrent effect of each option . . . [because] severing multiple unconscionable provisions from an agreement and enforcing the remainder could create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place." *Id.* at 517. "Although there are no bright-line numerical rules regarding severance, it is fair to say that the greater the number of unconscionable provisions a contract contains the less likely it is that severance will be the appropriate remedy." *Id.* The presence of a severability provision does not "divest a trial court of its discretion under Civil Code section 1670.5." *Id.*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Here, the Court cannot rewrite the alleged Agreement and impose terms to which neither party agreed because doing so would contravene the interest of justice, particularly given the Agreement's (1) contradictory and confusing provisions regarding the applicable arbitration rules; (2) unlawful fee-shifting provision; (3) unconscionable limits on discovery; (4) improper prohibition on the tolling of the statute of limitations; (4) confidentiality provisions; (5) overbreadth; (6) and lack of mutuality. Severing these unconscionable and/or one-sided terms would unreasonably benefit and reward Defendants for drafting an agreement intended to unduly advantage Defendants and thwart, rather than promote, Defendants' employees' understanding of arbitration. (See *OTO*, 8 Cal.5th at 129-131.) Thus, the Arbitration Agreement is so permeated with unconscionability that the Court may not sever the unconscionable provisions and rewrite the Agreement. *Ramirez*, 16 Cal.5th at 516.

In sum, the levels of procedural and substantive unconscionability make the Agreement unenforceable and require that the Court deny Defendants' Motion.

### 4. The Delegation Clause is Unenforceable

The rules governing delegation clauses "are the same under both state and federal law  and "[t]here are two prerequisites for a delegation clause to be effective. *Tiri*, 226 Cal.App.4th at 241-242. "First, the language of the clause must be clear and unmistakable." *Id*. at 242."Second, the delegation must not be revocable under state contract defenses such as . . . unconscionability." *Id*. "[W]hile there must be clear and unmistakable evidence that the parties intended to delegate arbitrability issues to an arbitrator, there is no requirement that conscionability also be 'clear and unmistakable.'" *Id*. at 243 (quoting Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 69 fn. 1 (2010).

"As a general matter, where one contractual provision indicates that the enforceability of an arbitration provision is to be decided by the arbitrator, but another provision indicates that [a] court might also find provisions in the contract unenforceable, there is no clear and unmistakable delegation of authority to the arbitrator." *Jack v. Ring LLC*, 91 Cal.App.5th 1186, 1197 (2023).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Here, there is no clear and unmistakable delegation because the Arbitration Procedures contain conflicting provisions indicating that a court might also find provisions in the contract unenforceable. Specifically, Section 8 expressly states that the FAA should apply to "all *judicial* proceedings under and/or with respect to this Arbitration Policy and Procedures" and if the FAA does not apply, then the common law of Mississippi, or the state in which the employee was last employed, if such choice of Mississippi law is unenforceable "shall govern this Arbitration Policy and Procedures and all *judicial* proceedings." Plaintiff Decl., ¶ 8, Ex. A at p. 21 (emphasis added). Thus, the Policy and Procedures "contemplates that a court may decide whether the arbitration provision is enforceable" rendering the conflicting delegation clause ambiguous. *Jack*, 91 Cal.App.5th at 1200-1201.

Even if the Court finds the delegation clause sufficiently clear, the clause is unconscionable. Claims that a delegation clause are unconscionable must be specific to the delegation clause. *Tiri*, 226 Cal.App.4th at 244.

Here, the delegation provision is unconscionable because it suffers from the same procedural unconscionability discussed above. *See*, *infra*, Section III.1 Further, the delegation clause is procedurally unconscionable because understanding the complexity of the choice-of-law provision as applied to the delegation provision "would have been beyond the ken of most anyone.*" Pinela v. Neiman Marcus Group, Inc.*, 238 Cal.App.4th 227, 244 (2015).

The delegation clause is substantively unconscionable because it (1) unduly limits the discovery Plaintiff may seek to prove that the delegation clause is unconscionable; (2) improperly limits the tolling of the statute of limitations in the event Plaintiff, as here, challenges the Arbitration Agreement and its delegation clause before a court, (3) unconscionably requires that any decision regarding arbitrability remain confidential, which impedes Plaintiff's ability to obtain informal discovery to oppose arbitration in a arbitral forum or share information regarding its enforceability with other employees; (4) overbroadly applies to any and all claims Plaintiff may have, even those arising

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

outside of the employment context; and (5) in practice only subjects Plaintiff, but not Defendant's agents, employees and customers, to the delegation provision. *See*, *infra*, Section III.2.b.-f; Osborne Decl., ¶¶ 4-6. Additionally, the Arbitration Procedures' choice of Mississippi law as applied to the delegation provision is unconscionable. *See*, *e.g.*, *Pinela*, 238 Cal.App. 4th at 245-247 (holding that choice of law clause was unconscionable because "an arbitrator acting pursuant to the delegation clause could not (1) apply California law to determine whether the Agreement is unconscionable, or even (2) limit the application of the choice of law provision to the extent necessary to prevent substantial injustice, as California law would require"). Thus, the delegation provision is so permeated with unconscionability that severance would be improper. *Ramirez*, 16 Cal.5th at 516.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration.

Dated: December 18, 2024                    **BLACKSTONE LAW, APC**

By:    */s/ Jared Osborne*
Jared Osborne
Attorneys for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Stephany Sinaguinan, certify and declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 8383 Wilshire Blvd, Suite 745, Beverly Hills, California 90211. On December 18, 2024, I served a copy of the following document(s):

- **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
- **DECLARATION OF JARED OSBORNE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**
- **DECLARATION OF JOEY RUIZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

on the interested parties as follows:

Gary W. Bethel
Jason H. Borchers
Andrew H. Woo
**LITTLER MENDELSON, P.C.**     *Attorneys for* Defendants SOUTHERN
5200 North Palm Avenue Suite 302     TIRE MART, LLC and SOUTHERN
Fresno, California 93704     TIRE MART AT PILOT LLC
Tel: 559.244.7500
Fax: 559.244.7525
E-mails: gbethel@littler.com
          jborchers@littler.com
          awoo@littler.com

☒     **BY CM/ECF NOTICE OF ELECTRONIC FILING** – I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒     **FEDERAL** – I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is  true and correct.

Executed on December 18, 2024 at Beverly Hills, California.

_____
Stephany Sinaguinan

**PROOF OF SERVICE**