Gary W. Bethel, Bar No. 117547
gbethel@littler.com
Jason H. Borchers, Bar No. 199120
jborchers@littler.com
Andrew H. Woo, Bar No. 261120
awoo@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 800.715.1330

Attorneys for Defendants
SOUTHERN TIRE MART, LLC AND
SOUTHERN TIRE MART AT PILOT LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY RUIZ, individually, and on behalf of Aggrieved Employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIRE MART, LLC a Mississippi Limited Liability Company; SOUTHERN TIRE MART AT PILOT LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-CV-03429-SPG (Ex)<br><br>**DECLARATION OF RICHARD F. YARBOROUGH JR. IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Date: January 8, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5C<br><br>District Judge: Sherilyn Peace Garnett<br>Magistrate Judge: Charles F. Eick<br><br>Trial Date: None Set<br>Complaint Filed: March 15, 2024 |

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECL. OF RICHARD YARBOROUGH IN SUPPORT OF DEFS.' MOTION TO COMPEL ARBITRATION

**DECLARATION OF RICHARD F. YARBOROUGH JR.**

I, Richard Yarborough, hereby declare and state as follows:

1. I am the Internal Legal Counsel of Defendant SOUTHERN TIRE MART, LLC ("STM"). I have personal knowledge of the facts set forth in this declaration, or a I have knowledge of such facts based on my review and knowledge of the business records and files of STM retained in the regular course of its business operations and could testify to the same if called as a witness in this matter.

2. As Internal Legal Counsel of STM, I have access to information regarding STM's human resources records, as well as information relating to STM's business operations.

3. STM is engaged in the business of operating Southern Tire Mart branded tire shops located in over 25 states across the United States.

4. STM operates store locations in multiple states and regularly purchases products and equipment that are manufactured and shipped from outside of California. STM provides retail tire products and maintenance services, and sells tires for cars, trucks, and SUVs. STM also sells tires for off-the-road and heavy equipment vehicles such as bulldozers, front-end loaders, tractors, cranes, combines, motor graders, dump trucks, and more.

5. For example, the tire brands that STM sells at its stores includes Michelin. Michelin manufactures its tires at various manufacturing facilities throughout the United States, including Alabama, Georgia, Indiana, Missouri, North Carolina, Oklahoma, and South Carolina, and those tires are shipped from those manufacturing facilities to STM locations, including those in California.

6. I serve as the custodian of records for the personnel files of STM's employees, such that I have access to, and am familiar with, the personnel files of STM's employees, including the personnel file of Plaintiff JOEY RUIZ ("Plaintiff"). STM maintains this personnel information in the ordinary course and scope of business. This information is created and maintained subject to methods that have proven to be reliable, trustworthy and accurate. In my capacity, I also have access to, and am familiar with, STM's onboarding process related to new hires.

7. STM hired Plaintiff as a Warehouse Employee on June 3, 2022, working out of

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

2

DECL. OF RICHARD YARBOROUGH IN SUPPORT OF DEFS.' MOTION TO COMPEL ARBITRATION

1  the STM store located in Carson, California.

2      8.    Employee personnel files include onboarding documents provided to new hires during the commencement of their employment. It is the practice of STM to require its employees to complete new hire documents on or around their first day or employment. STM also updates its policies and presents those updated policies and agreements to its employees during their employment. The signed documents and executed agreements become part of an employee's personnel file.

    9.    When Plaintiff was onboarded, Plaintiff was presented with new-hire documents, policies, and practices on or around his first day of employment.

    10.    Plaintiff's orientation included presentation of STM's Arbitration Policy & Procedures to Plaintiff.

    11.    On or around June 3, 2022, Plaintiff signed the Acknowledgment of Arbitration Policy and Procedures. A true and correct copy of the signed Arbitration Agreement is attached to this Declaration as "**Exhibit A**."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this **15** day of November, 2024 in Columbia, Mississippi.

RICHARD F. YARBOROUGH JR.

4883-4349-4640.2 / 124619-1001

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# EXHIBIT A

# Southern Tire Mart

800 Hwy 98, Columbia, MS 39429

# ARBITRATION POLICY & PROCEDURES

**This Arbitration Policy and Procedures covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice.**

**OVERVIEW:** Southern Tire Mart, LLC (hereinafter simply "the Company") recognizes that disputes may exist or arise between the Company and its employees, that lawsuits are a frustratingly slow and expensive means of resolving disputes, and that arbitration is a faster, less expensive but fair means of resolving disputes for all parties. Arbitration is a dispute resolution process in which an independent, impartial person (the arbitrator) listens to each side present its position and supporting evidence and then decides how the dispute is resolved, much like a trial before a judge. The main differences are that no jury is available in arbitration, the process is less formal than the trial of a lawsuit, and the entire proceeding is private and confidential. The arbitrator's decision is final and binding on all parties and is subject to appeal only in the limited circumstances provided by law.

The Company, like thousands of employers across the United States, believes that arbitration is beneficial for both it and its employees, because arbitration provides a fair, final resolution of employment disputes in a timely, cost-effective manner. Therefore, this Arbitration Policy and Procedures is adopted as an official employment policy of the Company. The Company will not revise, supplement or rescind this Arbitration Policy and Procedures without first giving written notice to its employees. Any revision, supplement or rescission of this Arbitration Policy and Procedures will be prospective only (meaning that any change will take effect only after the date of notice of it, and the change will not apply to any dispute then going on), and the Company will give employees 20 days' notice of the revision, supplement or rescission of this Arbitration Policy and Procedures. (The Company reserves the right to change all <u>other</u> policies and procedures at any time without notice and for any reason the Company deems sufficient.)

**By continuing your employment with the Company, or by accepting employment with the Company, after you have been provided a copy of or otherwise received notice of this Arbitration Policy and Procedures, you accept all of the terms of this Arbitration Policy and Procedures and agree to be bound by them. The Company agrees that it is also bound by this Arbitration Policy and Procedures. The terms of this Arbitration Policy and Procedures are conditions of your employment. This agreement to arbitrate any and all disputes means you are agreeing to waive to the maximum extent permitted by law any right you may have to ask for a jury or court trial in any dispute with the Company.**

<u>CLAIMS SUBJECT TO ARBITRATION</u>: The claims covered by this Arbitration Policy and Procedures include any and all claims and disputes regarding this Arbitration Policy and Procedures and the Mutual Arbitration Agreement provided along with this Handbook, or involving the relationship between the Company and its employees. To the extent allowed by law, the claims and disputes covered by this Arbitration Policy and Procedures include, but are not limited to: (a) all claims and disputes that an employee of the Company may now have or may in the future have against the Company, and (b) all claims that the Company may presently have or may in the future have against the employee.

By way of example, the claims covered by the Arbitration Policy and Procedures include, but are not limited to, all disputes with any entity or individual arising out of or related to: claims brought or sought to be brought as a class, mass or collective action; the application of employment, background checks, privacy, employment relationship or the termination of that relationship (including post-employment defamation or retaliation), including, but not limited to claims for wages or other compensation, bonuses, commissions, classification, minimum wage, recordkeeping, wage statements, reporting time pay, suitable seating, resting facilities find/or temperature, expense reimbursement, meal breaks and rest periods, overtime, vacation, sick leave, paid time off, uniform and/or equipment maintenance; breach of any contract, covenant, express or implied warranty (although no contractual relationship, other than at-will employment and this agreement to arbitrate, is hereby created); tort claims (including claims for bodily injury or

# Southern Tire Mart

800 Hwy 98, Columbia, MS 39429

physical, mental or psychological injury, without regard to whether such injury was sustained in the course and scope of employment); assault; battery; negligence; negligence per se and gross negligence; fraud; wrongful termination in violation of public policy, harassment, discrimination or retaliation; whistleblower retaliation; conspiracy; infliction (negligent or intentional) of emotional distress; claims for benefits under any employee welfare benefit plan or program sponsored by the Company (after exhausting administrative remedies under the terms of such plans); trade secrets; unfair competition; and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 (Equal Rights), the Rehabilitation Act, the Civil Rights Act(s), including but not limited to the Civil Rights Act of 1964 and 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefits Protection Act of 1990, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985; state statutes or regulations addressing the same or similar subject matters; and all other federal or state legal claims or other governmental law, statute, regulation or ordinance, whether or not existing at the time of the Agreement (including without limitation torts); **and any and all claims challenging the formation, existence, validity or enforceability of this Arbitration Policy and Procedures (in whole or in part) or challenging the applicability of this Arbitration Policy and Procedures to a particular dispute or claim.**

<u>CLAIMS NOT SUBJECT TO ARBITRATION</u>: The following matters only are not covered by this Arbitration Policy and Procedures: (a) any criminal complaint or proceedings, and (b) claims before administrative agencies for unemployment benefits, workers' compensation benefits, unfair labor practices or discrimination charges. Nothing in this Arbitration Policy and Procedures prevents or excuses an employee of the duty to file a charge or complaint with a federal, state or local administrative agency charged with investigating and/or prosecuting complaints as may be required by applicable federal, state or municipal law, ordinance or regulation. This Arbitration Policy and Procedures does not apply to disputes arising during any period of time when an employee has been covered by a collective bargaining agreement. In such cases, the terms of the collective bargaining agreement shall govern. The Company will not retaliate against an employee for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

<u>CLASS, COLLECTIVE AND REPRESENTATIVE ACTION WAIVER</u>: THIS ARBITRATION POLICY AND PROCEDURES PROHIBITS THE COMPANY AND THE EMPLOYEE FROM DEMANDING, FILING, JOINING, CONSENTING TO OR PARTICIPATING IN ANY LAWSUIT OR ARBITRATION PURPORTING TO FORM, OR SEEKING TO FORM, A CLASS, CLASS ACTION, COLLECTIVE ACTION, MASS ACTION OR REPRESENTATIVE ACTION LAWSUIT. THIS CLASS AND COLLECTIVE ACTION WAIVER APPLIES TO ALL CLAIMS ARISING UNDER CONTRACT, TORT, STATUTE OR OTHER SOURCES (EXCEPTING ONLY REPRESENTATIVE ACTIONS BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT).

<u>APPLIES TO OTHERS</u>: This Arbitration Policy and Procedures applies both to employees **and all of their successors, assigns, partners, heirs, minor children, spouses, parents and legal representatives** and the Company, and its affiliated companies and customers, successors, assigns, officers, directors, shareholders, partners, members, managers, owners, employees and agents, and any Company employee benefit plan and its administrators and fiduciaries.

<u>COMPLETE POLICY ON THE SUBJECT OF ARBITRATION</u>: This Arbitration Policy and Procedures is the complete policy between the Company and an employee on the subject of arbitration of disputes and takes the place of any other verbal or written understanding on this subject, excepting only a Mutual Arbitration Agreement or, for Texas employees, an Election and Arbitration Agreement related to the Southern Tire Mart, LLC Texas Employee Injury Benefit Plan. An employee must not rely on any statements, oral or written, on the subject, effect, enforceability or meaning of this

# Southern Tire Mart

800 Hwy 98, Columbia, MS 39429

Arbitration Policy and Procedures, except as specifically stated in this Arbitration Policy and Procedures. If any provision of this Arbitration Policy and Procedures is determined to be void or otherwise unenforceable, in whole or in part, such determination shall not affect the validity of the remainder of it, and such void or unenforceable provision shall be severed from this Arbitration Policy and Procedures.

**NOT AN EMPLOYMENT AGREEMENT:** This Arbitration Policy and Procedures shall not be construed to create any contract of employment, express or implied. Nor does this Arbitration Policy and Procedures in any way alter the at-will status of an employee's employment with the Company.

**DURATION:** This Arbitration Policy and Procedures shall survive the termination of the employee's employment with the Company and applies to any dispute, whether it arises or is asserted before, during or after the termination of the employee's employment with the Company.

**ARBITRATION PROCEDURES:**

1. **Initiating Claims:** A party asserting one or more claims or causes of action against the other party must (1) file a demand for arbitration with Dispute Solutions, Inc. (hereinafter "DSI") in accordance with the then-current rules of DSI governing employment disputes, which can be found on the DSI website (presently at http://dsi-adr.com) or by contacting DSI at P.O. Box 854, Caddo Mills, TX 75315, 1-888-347-3737 (or such other address or phone number for DSI), and, (2) at the same time, serve a written demand for arbitration on the other party or parties. Both the demand for arbitration to be filed with DSI and service of the demand for arbitration on the opposing party must be made within the applicable statute of limitations; the failure to file a demand and serve a written demand for arbitration within the applicable statute of limitations bars the claims and causes of action. Written demand on the Company or one or more of its successors, assigns, officers, directors, shareholders, partners, members, managers, owners, employees, agents, affiliates or benefit plans must be sent by certified or registered mail, return receipt requested to Southern Tire Mart, LLC, Attention: Vice President of Human Resources, 800 Highway 98, Columbia, Mississippi 39429 (or such other person or address as the Company may specify). If the Company (or an officer, affiliate, etc.) wishes to assert a claim, it will serve a written demand for arbitration on the employee by certified or registered mail, return receipt requested at the last address recorded in the employee's personnel file and will file such demand with DSI within the applicable statute of limitations. The failure of either party to acknowledge receipt of an arbitration demand shall in no way effect or otherwise invalidate the making or service of the demand. **Neither filing nor serving a lawsuit stops the applicable statute of limitations from continuing to run.**

2. **Representation**: Any party may be represented during pre-hearing procedures (as defined below) and/or at the arbitration hearing by an attorney or other representative selected by the party.

3. **Mediation:** Any arbitration that has been timely and properly demanded under Paragraph 1 above shall be stayed and shall not proceed until the parties to the arbitration have mediated the dispute with a mediator either agreed upon by all parties or, if agreement by all parties cannot be reached, by a mediator provided by DSI. This mediation requirement may be waived by written agreement signed by all parties or their counsel. The Company will pay the cost of the mediation. The mediation, to the extent it is conducted in person, will take place in the County in which the employee was last employed or at a mutually convenient location as may be agreed to by the parties.

4. **General Procedures:**
   a. The arbitration will be conducted before one arbitrator appointed by DSI (or if DSI is unable to appoint an arbitrator, then by the American Arbitration Association (hereinafter "AAA")). The then-current rules of DSI governing employment dispute (or, if DSI is unable to appoint an arbitrator, then the then-current Employment Arbitration Rules and Mediation Procedures of the AAA, which can be accessed at the AAA website, currently found at https://www.adr.org/) shall control and be applied by the arbitrator. The arbitration hearing and prehearing

conferences, to the extent such conferences are undertaken in person and not by telephone, will take place in the County in which the employee was last employed or at a mutually convenient location as may be agreed to by the parties.

  b. The arbitrator shall apply the substantive law (and the laws of remedies, if applicable), in the state in which the claim arose, or federal law, or both, depending upon the claims asserted. The arbitrator shall also strictly apply the Federal Rules of Evidence, except that deposition testimony of a witness may be used at the arbitration hearing without regard to whether the witness is unavailable. All arbitration decisions and awards rendered pursuant to this Agreement shall be in writing and shall set forth brief findings of fact and conclusions of law. All arbitration decisions and awards rendered pursuant to this Arbitration Policy and Procedures shall be kept strictly confidential and shall not, except for filings regarding their judicial enforcement, be disclosed to anyone not an attorney, party representative, or party who actually attended the arbitration hearing. The arbitrator shall award the same relief as would be available to the parties if the claim were brought in court.

  c. **To the extent allowed by applicable law, the arbitrator shall have the authority to rule on his or her own jurisdiction, including any objections with respect to the formation, existence, scope or validity of the arbitration policy.** The arbitrator shall have the authority to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person as the arbitrator deems necessary. The arbitrator shall have the authority to hear a motion to dismiss and/or a motion for summary judgment by any party and in doing so shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall stay any timely and properly demanded arbitration until the parties mediate the dispute, unless mediation has been waived by written agreement signed by all parties or their counsel.

5. **Pre-Hearing Procedures:** Each party shall have the right to take the deposition of one individual and any expert witness designated by another party (except where applicable law requires otherwise). Additional discovery may be had only where the arbitrator so orders, upon a showing of substantial need (except where applicable law requires otherwise). At least 90 days before the arbitration, the parties must designate any expert witnesses. At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration hearing.

6. **Arbitration Fees and Costs:** There will be both administrative fees and arbitrator compensation incurred for any arbitration hearing. When an employee files and serves a demand, the filing fee, included in the administrative fees, for the arbitration hearing will be paid by the Company. Unless the employee chooses to pay all or a part of them, all other administrative fees and all of the arbitrator's compensation will also be paid by the Company. Arbitrator compensation and administrative fees are not subject to re-allocation in the award. Unless agreed otherwise, the Company will arrange for and pay the cost of a court reporter to provide a stenographic record of the proceedings at the hearing.

7. **Attorneys' Fees:** Each party shall be responsible for their own attorney's fees except as follows: (a) if any party prevails on a statutory claim which allows the prevailing party to be awarded attorney's fees; (b) if there is a written agreement providing for fees, the arbitrator shall award reasonable fees to the prevailing party, in accordance with the applicable law; or, (c) to the extent permitted by applicable law, such as by Federal Rule of Civil Procedure 11 or its state law equivalent, if either party pursues a claim covered by this Agreement by any means other than those set forth in this Agreement, the responding party shall be entitled to dismissal of such action, and the recovery of all costs and attorneys' fees and losses related to such action.

# Southern Tire Mart

800 Hwy 98, Columbia, MS 39429

8. **Interstate Commerce and the Federal Arbitration Act:** The Company is involved in transactions involving interstate commerce (*e.g.*, purchasing goods and services from outside the state which are shipped into it; utilizing the interstate mail, telephone and highway systems; and recruiting and advertising outside the state) and the employees' employment with the Company involves such commerce. Therefore, the Federal Arbitration Act, Title 9 of the United States Code, will govern the interpretation, enforcement, and all judicial proceedings under and/or with respect to this Arbitration Policy and Procedures. However, if the Federal Arbitration Act should be held to be inapplicable to this Arbitration Policy and Procedures, or if this Arbitration Policy and Procedures should be unenforceable, for any reason, under the Federal Arbitration Act, then the common law of the State of Mississippi, where the Company maintains its principal place of business, or, to the extent that application of Mississippi common law is contrary to applicable choice of law standards or public policy, then the common law of the state in which the employee was last employed, shall govern this Arbitration Policy and Procedures and all judicial proceedings under and/or with respect to it to the extent necessary to make it enforceable to the maximum extent possible.

Adopted effective September 1, 2018.
**Southern Tire Mart, LLC**

By: _____
Authorized Agent of the Company



# Southern Tire Mart

800 Hwy 98, Columbia, MS 39429

**Acknowledgement of Arbitration Policy and Procedures:**

I have reviewed the Southern Tire Mart, LLC Arbitration Policy and Procedures in the Employee Handbook, and I understand that I am waiving my right to a jury or court trial and agreeing to binding arbitration by accepting or continuing my employment with Southern Tire Mart for more than twenty (20) days after receiving the Arbitration Policy and Procedures contained in the Employee Handbook or any future written revision, supplement or rescission of the Arbitration Policy and Procedures.

Joey Ruiz
Employee Name (print)

Joey Ruiz
Employee Signature

710 - CAR
Location

6/3/2022
Date

Sandy Meserve
Witness

Rev 2019/1/11

22

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On December 24, 2024, I served the within document(s):

- **DECLARATION OF RICHARD F. YARBOROUGH JR. IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

☐ **BY MAIL (FRCP 5(b)(1)(C)):** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses **below** and *(specify one)*:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing and deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225, in the ordinary course of business.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

CERTIFICATE OF SERVICE

☐ **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):** I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above. (A confirmation document of the professional messenger service will be retained in our office.)

☐ **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to FRCP 5(b)(2)(E), I served the foregoing document(s) described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is nherrera@littler.com .

☒ **BY NOTICE OF ELECTRONIC FILING**, which is a notice automatically generated by the CM/EF system at the time the document(s) listed above was filed with this Court, to lead counsel listed by CM/ECF as "ATTORNEY TO BE NOTICED."

| | |
|---|---|
| Jonathan M. Genish<br>Miriam Schimmel<br>Joana Fang<br>Alexanra Rose<br>Jared C. Osborne<br>BLACKSTONE LAW, APC<br>8383 Wilshire Blvd., Suite 745<br>Beverly Hills, CA 90211<br><br>Attorneys for Plaintiff<br>JOEY RUIZ | Telephone:  (310) 622-4278<br>  Email: jgenish@blackstonepc.com<br>mschimmelel@blackstonepc.com<br>jfang@blackstonepc.com<br>arose@blackstonepc.com<br>josborne@blackstonepc.com |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on December 24, 2024, at Fresno, California.

*/s/ Naomi Herrera*
Naomi Herrera

4890-5331-7817.3 / 124619-1001

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

CERTIFICATE OF SERVICE